UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ROBERT W. BRASWELL** | CIVIL DOCKET:_____ |
| VS. | |
| | JUDGE |
| CHRIS MORACE, MIRANDA MORACE MICHAEL JENKINS, DANA JENKINS, JOSEPH SONTOYO, TISH SONTOYO AND TYLER BARR (JURY DEMAND) | |
| | MAGISTRATE JUDGE |

### COMPLAINT

TO THE HONROABLE UNITED STATES DISTRICT COURT JUDGE:

The Complaint of ROBERT W. BRASWELL, a person of the full age of majority and a resident of Natchez, Mississippi, with respect represents:

### INTRODUCTION

1. After a Duck's Unlimited Banquet Mr. Braswell went with Tyler Barr and others back to Mr. Barr's home in Vidalia, Louisiana. While there four drunk couples showed up, including Defendants, Chris Morace, Miranda Morace and others.

2. Miranda Morace asked Plaintiff who he was and after repeatedly telling her his name he finally said "I'm nobody, nothing, no one, a zero." Mrs. Morace proceeded to tell her husband, Chris Morace, that Mr. Braswell called her a zero. Mr. Morace then proceeded to shove Mr. Braswell into a counter causing him to break 2 ribs.

3. Shortly after this, Mr. Braswell had a conversation with another individual asking why Mr. Braswell had done that and then asking if he could leave because his vehicle was blocked in. The individuals present told Mr. Braswell he wasn't going anywhere and they were not going

to move their vehicles to let him leave. While sitting talking to Curtis Nelson about what had happened, Joseph Sontoyo, walked past him, and went out the side door. Mr. Sontoyo then came back in the back door, picked up the Plaintiff by his neck and proceeded to slam his head into the concrete. With blood coming out of his head, on his knees with his head inches from the floor, Mr. Sontoyo hit him in the back of the head with his fist until Mr. Braswell passed out.

4. The Defendants' conduct, in addition to causing injury to Mr. Braswell, is objectively outrageous, extreme, and totally unacceptable. Defendants' extreme hubris and total disregard for human life has been displayed for all.

## STATEMENT OF JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), which convers original jurisdiction to the district courts over cases where the amount in controversy exceeds $75,000.00, and where the parties are "citizens of different states."

6. First, Plaintiff alleges that the amount in controversy exceeds $75,000.00. Plaintiff seeks recovery amounts spent or owed for four surgeries, which alone would exceed $75,000.00. Further Plaintiff requests damages for pain and suffering sustsained at the hands of Defendants, mental and emotional anguish, past and future medical expenses, and other damages.

7. Further there is complete diversity where-in Plaintiff is domiciled in Mississippi and is thus a citizen of Mississippi and Defendants are domiciled in Louisiana, and are thus citizens of Louisiana.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the Western

District of Louisiana. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(1) because the defendant(s) reside(s) in this judicial district.

9.  Personal jurisdiction over the defendant(s) is proper in this district as the defendant(s) have sufficient contacts with the State of Louisiana and within this district, engaging in conduct that caused harm to the plaintiff within this state and district.

## PARTIES

10.  Petitioner, Robert W. Braswell, is a resident of the County of Adams, Natchez, Mississippi and the United States of America.

11.  On November 9, 2023, Defendant Chris Morace, Defendant Miranda Morace, Defendant Michael Jenkins, Defendant Dana Jenkins, Defendant Joseph Sontoyo, and Defendant, Tish Sontoyo, were guests at the home of Defendant Tyler Barr, located at 507 Forest Road, Vidalia, Louisiana 71373.

12.  Defendants, Chris Morace and Miranda Morace, are residents of the Parish of Concordia, Monterey, Louisiana and the United States of America.

13.  Defendants, Michael Jenkins and Dana Jenkins, are residents of the Parish of Concordia, Vidalia, Louisiana and the United States of America.

14.  Defendants, Joseph Sontoyo and Tish Sontoyo, are residents of the Parish of Concordia, Vidalia, Louisiana and the United States of America.

15.  Defendant, Tyler Barr, is a resident of the Parish of Concordia, Vidalia, Louisiana and the United States of America.

## STATEMENT OF FACTS

### *The Incident*

16. Petitioner shows that, at all material times mentioned herein, specifically on November 9, 2023, Petitioner was invited to the home of Defendant, Tyler Barr, prior to attending a Ducks Unlimited banquet.

17. Petitioner arrived at Tyler Barr's home at approximately 6:45 p.m. and thereafter, rode to the Ducks Unlimited banquet with Tyler Barr and his son, Mason Barr.

18. During the course of the banquet, which lasted approximately two (2) hours, Petitioner won an auction item.

19. Defendant, Tyler Barr, remained at the table to pick up the item petitioner, Robert Braswell, won, while petitioner and Defendant Tyler Barr's son, Mason Barr, walked outside to wait for Mr. Barr.

20. Shortly thereafter, Defendant Tyler Barr, his son Mason Barr, and Petitioner, Robert W. Braswell drove together back to Tyler Barr's home.

21. Petitioner, Robert W. Braswell, asked defendant Tyler Barr if it would be okay for him to stay at his home a few hours in order to make sure it was okay for him to drive as he had consumed a couple of drinks at the banquet.

22. Defendant Tyler Barr told petitioner, Robert W. Braswell, to wait for him in the barn with Mason, Defendant Barr's son, and that he would see him in a few minutes.

23. As petitioner, Robert W. Braswell, was waiting for defendant Tyler Barr to return, four (4) drunken couples came into the barn, two being defendant Chris Morace and his wife, defendant Miranda Morace.

24. At that time, defendant Miranda Morace, asked petitioner, Robert W. Braswell, who he was.

25. Petitioner responded by giving his full name but defendant Miranda Morace just kept asking the same thing over and over and more loudly and petitioner kept repeating his name.

26. Finally, petitioner replied by saying "I'm nobody, nothing, no one, a zero."

27. Defendant Miranda Morace then turns to her husband, defendant Chris Morace and told him that petitioner had called her a zero.

28. Defendant Chris Morace then went over to petitioner Robert W. Braswell and shoved him violently into the countertop corner, and unknown to petitioner at the time, breaking two of petitioner's ribs.

29. Petitioner then asks defendant Chris Morace why he shoved him into the counter.

30. Defendant Chris Morace replied that it was because petitioner had called his wife a zero and petitioner replied that he did not call her a zero.

31. As defendant Chris Morace kept speaking more loudly, petitioner after walked away to talk with another guests.

32. Shortly thereafter, petitioner Robert W. Braswell decided he would like to go home, but the defendants had blocked him in and told him he was not going anywhere and would not move their cars and trucks in order that he might leave.

33. Defendant Michael Jenkins then came over to petitioner, got in his face, started screaming at him, saying that petitioner had been talking to his wife, defendant Dana Jenkins, and that he wanted to know why.

34. Petitioner explained that it was because she had been sitting near his chair at the banquet and she had spoken to him; therefore, he spoke back.

35. Petitioner then got up from where he was sitting at the time and moved over near, Mason Barr, defendant Tyler Barr's son.

36. Defendant Michael Jenkins again approached petitioner and told him that he would kill him and that he had killed men in Afghanistan and he would kill petitioner.

37. Petitioner then told Defendant Michael Jenkins that if he had said anything to his wife that he would apologize and then proceeded to do so.

38. Petitioner then sat down to speak with another guest, Curtis Nelson, who told him to just forget what they were saying because they were all drunk.

39. Petitioner told Mr. Nelson at that time that he just wanted to leave and Mr. Nelson told petitioner that he should just sit there for a few minutes and things would calm down.

40. Within a few seconds of Petitioner sitting down and speaking with Mr. Nelson, Defendant Joseph Sontoyo, who was seated to Petitioner's right told Petitioner "you have two minutes."

41. Petitioner replied "okay" as he thought Defendant Joseph Sontoyo had said ten minutes and continued to speak with Mr. Curtis Nelson.

42. Defendant Joseph Sontoyo got up and walked past petitioner, saying something inaudible as he passed.

43. Defendant Joseph Sontoyo went out the side door and came back in through the back door, which was behind petitioner.

44. Suddenly and without warning, defendant Joseph Sontoyo grabbed petitioner by his neck, pulling him up off his seat, and then slamming petitioner's head into the concrete floor.

45. Petitioner was inches from the floor and Defendant kept hitting the back of petitioner's head with many fist punches.

46. Defendant, Miranda Morace, who was the person who kept cursing him and asking who he was and who also told her husband that petitioner had called her a zero, said to the others "don't help him; let him bleed to death; let him die", as petitioner was beaten down and lying in his own blood on the concrete floor from the head bashing and beating by Defendant Joseph Sontoyo.

47. Plaintiff was apparently helped to the sofa where he passed out and woke up the next morning.

### *Following the Incident; Mr. Braswell's Injuries*

48. Over the next couple of days plaintiff was in extreme pain with excruciating head pain.

49. On November 11, 2023, plaintiff was taken to the emergency room at Trinity Medical with severe headache pain and scans were taken.

50. The scans showed that plaintiff had two fractured ribs, fractured left orbital wall and fractured zygomatic bone.

51. On November 17, 2023, plaintiff went to his primary care physician, The Bonin Clinic, for severe pain, where he saw Chelsey Phillips, the nurse practitioner, who took photos and gave him pain medication with a diagnosis of being attacked.

52. On November 19, 2023, Petitioner returned to Trinity Medical in Ferriday, Louisiana, with extreme head pain.

53. Again, a scan was performed on petitioner and the decision was made to airlift him to Our Lady of the Lake Regional Medical Center in Baton Rouge, Louisiana.

54. After arriving in Baton Rouge, emergency surgery was performed on petitioner for a brain aneurysm due to the severe beating from Defendant Joseph Sontoyo on November 9, 2023.

55. Petitioner remained in the hospital from November 19, 2023 through December 11, 2023, enduring three more surgeries during that time.

56. One of petitioner's surgeries was to insert a shunt into the top of his head, which still remains there as of the date of this filing.

57. As of the date of this filing, Petitioner has still not been released.

58. Petitioner still continues to have severe head pain and at one point in December 2023, prior to Christmas, he made a visit back to the emergency room thinking he might have had another aneurysm.

59. As a direct and proximate result of the harassment, bullying and unlawful malicious physical beating, battery, harassment and bullying of petitioner by Defendants, Chris Morace, Miranda Morace, Michael Jenkins, Dana Jenkins, Joseph Sontoyo, Tish Sontoyo, and Tyler Barr, which ultimately led to serious bodily injury, emotional harm and the near death of petitioner.

60. Petitioner has also been deprived of his right to secure gainful employment since the incident and due to the sustained injuries from the attack.

### *Louisiana State Law Claims For Assault, Battery and Negligence*

61. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

62. Plaintiff asserts violations of Louisiana state law by Defendants under La. Rev. Stat. Ann. § 14:33, *et seq.* (battery), La. Rev. Stat. Ann. § 14:33, *et seq.* (assault), La. Civ. Code Ann. Art. 2316 (negligence), and La. Rev. Stat. Ann. § 14:44.1 (kidnapping).

63. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his rights under Louisiana state law and caused him the injuries and damages described in this Complaint.

### *Louisiana State Law Claim for Intentional Infliction of Emotional Distress*

64. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

65. Plaintiff asserts violations of Louisiana law relative to intentional torts by Defendants.

66. Defendants acted intentionally, as described herein, to deprive Plaintiff of his rights under Louisiana state law and caused him the injuries and damages described in this Complaint.

67. As a direct and proximate result of the intentional acts of Defendants described herein, Mr. Braswell has experienced emotional and psychological injuries – including mental anguish, humiliation, emotional distress, loss of enjoyment of life, and other non-pecuniary losses.

68. Defendants engaged in extreme and outrageous conduct, and acted maliciously and with specific intent to harm Mr. Braswell or with reckless disregard for the consequences of their actions and omissions.

### *Louisiana State Law Claims (As to Defendant Tyler Barr)*

69. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

70. Plaintiff asserts violations of Louisiana law by Defendant Tyler Barr under La. Civ. Code Ann. Art. 2317 (acts of others).

71. Accordingly, as a matter of Louisiana law, Defendant Tyler Barr is vicariously liable for all conduct of, or attributable to, Defendants, Chris Morace, Miranda Morace, Michael Jenkins, Dana Jenkins, Joseph Sontoyo and Tish Sontoyo.

### BASIS FOR RELIEF

72. The Defendants' induced others to make or themselves made physical contact with Mr. Braswell, and engaged in intimidating conduct toward him which caused him to suffer physical injuries, extreme fear, and severe emotional distress. The Defendants are liable to Plaintiff pursuant to LSA-C.C. art. 2315 for all damages caused by their tortious acts of battery, assault, kidnapping and the intentional infliction of bodily harm and emotional distress.

73. Due the Defendants harassment, assault and battery, petitioner has experienced loss of income, accumulation of extreme medical bills, and ongoing treatment for the medical problems resulting from the attack.

74. As a result of the actions describe herein, plaintiff has sustained the follow compensatory damages:

    a. Pain and suffering, past, present, and future;

    b. Mental anguish, humiliation, and embarrassment;

  c. Loss of enjoyment of life;

  d. Medical bills totaling almost $500,000.00 as of the date of this filing; and

  e. Loss of potential employment.

75. Additionally, plaintiff is entitled to an award of reasonable attorney's fees.

76. Petitioner herein make demand for all of the above-described damages, attorneys' fees, and any penalties which exist under Louisiana law.

## JURY DEMAND

77. Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE PETITIONER PRAYS that:

a. Defendants be served with a certified copy of this petition and cited to appear and answer same;

b. After all due proceedings herein and trial hereof, there be judgment rendered in favor of petitioner, Robert W. Braswell, and against defendants, Chris Morace, Miranda Morace Michael Jenkins, Dana Jenkins, Joseph Sontoyo, Tish Sontoyo, and Tyler Barr for such sums as are reasonable and proper, together with penalties, attorneys' fees, compensatory damages and legal interest on all sums in accordance with law.

c. For full, general and equitable relief.

*[signature on next page]*

Respectfully submitted:
E. ORUM YOUNG LAW, LLC

*s/Larry S. Bossier*
E. Orum Young, III, No. 36099
Joseph R. Moore, No. 33996
E. Jesse Young, No. 39713
Larry S. Bossier, No. 03279
Attorneys for Petitioner
200 Washington Street
Monroe, Louisiana 71201
P: (318) 322-6232
F: (318) 388-1294
C: (225) 933-0417
lsbossier@eorumyoung.com